12-3074-cv
*Cohen v. Gerson Lehrman Grp., Inc.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of May, two thousand thirteen.

PRESENT: ROBERT D. SACK,
         RICHARD C. WESLEY,
         SUSAN L. CARNEY,
              *Circuit Judges.*

_____

JEFFREY COHEN, ON BEHALF OF HIMSELF INDIVIDUALLY, ON BEHALF OF ALL SIMILARLY SITUATED EMPLOYEES,

    *Plaintiff-Counter-Defendant-Appellant,*

           -v.-                  12-3074-cv

GERSON LEHRMAN GROUP, INC.,

    *Defendant-Counter-Claimant-Appellee.*

_____

FOR APPELLANT:    DOUGLAS H. WIGDOR, Thompson Wigdor LLP, New York, NY.

FOR APPELLEE:    MICHAEL J. PUMA, Morgan, Lewis & Bockius LLP, Philadelphia, PA.

Appeal from the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Southern District of New York is **AFFIRMED.**

Plaintiff-Appellant Jeffrey Cohen appeals from a July 10, 2012 judgment of the United States District Court for the Southern District of New York (Castel, *J.*) granting final approval of the parties' Joint Stipulation of Class Settlement and Release ("Stipulation"), denying enhancement payments to three named class representatives, and awarding Plaintiff-Appellant's counsel a total of $97,487 in attorney's fees. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Plaintiff-Appellant argues that the district court abused its discretion by denying enhancement payments to the named class representatives and by awarding a fraction of the $575,000 requested in attorney's fees in this Fair Labor Standards Act class action. Plaintiff-Appellant and Defendant-Appellee Gerson Lehrman Group, Inc., entered into a Stipulation establishing a $900,000 qualified settlement fund to provide for class members' unpaid back overtime wages, enhancement payments, attorney's fees, and administrative costs. The Stipulation included a waiver of

the parties' right to appeal "[p]rovided that the Final Approval Order is consistent with the terms and conditions of this [Stipulation] in all material respects."  The Stipulation also contained language specifying that an award of enhancement payments or attorney's fees "in an amount less than that sought . . . will not constitute . . . a material modification of the [Stipulation]."

As agreed, the parties submitted the Stipulation for final approval to the district court and Defendant-Appellee did not contest Plaintiff-Appellant's request for the enhancement payments or attorney's fees specified in the Stipulation.  The district court granted final approval of the Stipulation but declined to award enhancement payments or the full sum of attorney's fees.  We find that Plaintiff-Appellant's appeal of the district court's judgment is foreclosed by the plain language of the Stipulation.[1]

"It is well established that '[s]ettlement agreements are contracts and must therefore be construed according to general principles of contract law.'"  *Collins v. Harrison-Bode*, 303 F.3d 429, 433 (2d Cir. 2002) (quoting *Red Ball*

---

[1] We neither express nor imply a view as to the propriety vel non of the amount of attorney's fees awarded by the district court or the somewhat opaque methodology it used to arrive at that figure.

*Interior Demolition Corp. v. Palmadessa*, 173 F.3d 481, 484 (2d Cir. 1999)).  Under New York law, which governs the Stipulation, we assess whether the parties' agreement is ambiguous on its face, rather than referring to extrinsic evidence.  *Id.* (citing *Kass v. Kass*, 91 N.Y.2d 554, 566 (1998)).  "Contract language is ambiguous if it is capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement."  *Id.* (internal quotation marks omitted).

There is no ambiguity here.  The Stipulation explicitly states that an award of enhancement payments or attorney's fees in an amount less than requested does not materially alter the contract.  Indeed, this provision is sensible in light of the parties' awareness that the district court retained discretion to award a lesser amount of payments and fees.  Thus, a reduced award is "consistent" with the Stipulation "in all material respects."  Plaintiff-Appellant waived the right to appeal on this basis.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
